48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary TRUDELL, Plaintiff-Appellant,
v.
F. WARNEKA, Defendant-Appellee.
 No. 94-35854.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Trudell, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of Fred Warneka, a mail room supervisor, in Trudell's 42 U.S.C. Sec. 1983 action alleging he was denied access to the courts. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and affirm.[1]
 
 
 3
 Prison authorities must provide inmates with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). If an inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, the inmate must allege an actual injury, or a specific instance in which the inmate actually was denied court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 4
 Here, Trudell alleged that Warneka deprived him of his constitutional right of access to the courts by interfering with his legal mail on four separate occasions. Trudell, however, failed to allege an actual injury or a specific instance in which he actually was denied court access.
 
 
 5
 The following facts regarding the four incidents of alleged interference with Trudell's legal mail are not in dispute. On January 12, 1994, Trudell deposited legal mail with a mail room employee addressed to the district court. The court did not receive the mail. Trudell resent the mail, and the court received it.
 
 
 6
 On January 26, 1994, Trudell deposited two items of legal mail with a mail room employee. A mail room employee removed some of the stamps from one of the items and returned the stamps to Trudell the next day. The addressee received the items.
 
 
 7
 On January 28, 1994, Trudell attempted to mail a letter to the prison superintendent as legal mail. Warneka opened the letter and returned it to Trudell three days later.
 
 
 8
 On February 24, 1994, an unsealed letter from the district court was delivered to Trudell.
 
 
 9
 Because Trudell failed to allege any actual injury with respect to any of his four claims that prison officials interfered with his legal mail, he was not denied his constitutional right of access to the courts. See Sands, 886 F.2d at 1171. Accordingly, the district court properly granted summary judgment in favor of Warneka. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Trudell's request to proceed in forma pauperis is granted